UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-00741 MTS (SPM) |
| WENDELL BRYANT, | ) ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant **Wendell Bryant**, represented by defense counsel Joel J. Schwartz, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I and II of the Indictment, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's conspiracy to defraud Vantage Credit Union, Neighbors Credit Union, Together Credit Union, and

1

USAA from in or about September 2019 to in or about November 2019, of which the government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Counts I and II, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

### 3. ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 1349, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One**, defendant and co-defendant, agreed to try to accomplish a common and unlawful plan to commit bank fraud;

**Two**, defendant knew the unlawful purpose of the plan and willfully joined in it.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

2

**One**, the defendant knowingly executed a scheme to defraud a financial institution by means of material false or fraudulent representations;

**Two**, the defendant did so with intent to defraud; and

**Three**, the financial institution was a financial institution within the meaning of Title 18, United States Code, Section 20, Subsection 2, the accounts of which are insured by the National Credit Union Share Insurance Fund.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant **Wendell Bryant** is the registered owner of UCity Convenience Mart, LLC with a business address of 8509 Olive Boulevard. UCity Mini Mart, the same business at the same location operating under a different name, has a primary phone number of (XXX) XXX-1000 and a fax number of (XXX) XXX-2261. Phone number (XXX) XXX-1000 is associated with defendant Bryant on multiple accounts and databases.

STL Power Motors has a motor vehicle dealer registration with the Missouri Department of Revenue (hereinafter "DOR"), which allows STL Power Motors to buy and sell vehicles in the State of Missouri. The dealer application filed with DOR lists L.M., an associate of defendant Bryant, as the owner of STL Power Motors. STL Power Motors reported to the DOR that it did not sell any cars in the year 2019.

Beginning in or around September 2019 and continuing through on or about November 2019, in the Eastern District of Missouri, defendant Bryant and co-defendant **Ciera Moreland**,

3

did voluntarily and intentionally combine, conspire, confederate and agree with each other, to commit bank fraud, that is, knowingly executing, or attempting to execute, a scheme or artifice to defraud a financial institution, by means of false or fraudulent pretenses, representations or promises, in violation of Title 18, United States Code, Section 1344.

The primary purpose of the conspiracy was for defendant Wendell Bryant and co-defendant Ciera Moreland to fraudulently obtain loans from financial institutions to purchase vehicles that were not in the custody or control of STL Power Motors. It was part of the conspiracy that co-defendant Moreland submitted auto loan applications to Vantage Credit Union, Neighbors Credit Union, Together Credit Union, and USAA for the stated purpose of purchasing automobiles from STL Power Motors. It was further part of the conspiracy that defendant Bryant caused the fax transmission of automobile purchase orders to Vantage Credit Union, Neighbors Credit Union, Together Credit Union, and USAA for vehicles that were not in the custody or control of STL Power Motors using fax number (XXX)-XXX-2261.

It was further part of the conspiracy that co-defendant Moreland submitted false and fraudulent pay stubs from People's Health Centers to Together Credit Union in order to obtain the auto loan. Co-defendant Moreland also listed People's Health Center as her employer on each of the auto loan applications. At no point in 2019 was co-defendant Moreland employed by People's Health Centers. But for the false and fraudulent misrepresentations made by defendant Bryant and co-defendant Moreland on the loan applications to Vantage Credit Union, Neighbors Credit Union, Together Credit Union, and USAA, those financial institutions would not have issued the loans to co-defendant Moreland.

4

Once co-defendant Moreland obtained the loan proceeds from Vantage Credit Union, Neighbors Credit Union, Together Credit Union, and USAA the funds were deposited into a Bank of America (hereinafter "BOA") account in the name of STL Power Motors, Account # XXXX XXXX 5574. The BOA account was opened under STL Power Motors as an S Corporation, with defendant Bryant and L.M. listed as the individual customers.

It was further part of the conspiracy that on November 4, 2019, STL Power Motors wrote Check #5013 in the amount of $24,887 to co-defendant Moreland for "property." The check was signed by defendant Bryant and endorsed by co-defendant Moreland. Co-defendant Moreland deposited Check #5013 into her Commerce Bank Account #XXXXX6920.

It was further part of the conspiracy that on November 8, 2019, one cashier's check totaling $15,950 was purchased by STL Power Motors and made payable to "D and C to Your Rescue, LLC." Co-defendant Moreland incorporated "D and C to Your Rescue, LLC" with the Missouri Secretary of State on March 10, 2016. The cashier's check made out to "D and C to Your Rescue, LLC" was endorsed by co-defendant Moreland and deposited into her PNC Bank business checking account in the name of D and C to Your Rescue, LLC with an account number of #XXXXXX2576.

In between on or about September 2019 and on or about November 2019, defendant Bryant and co-defendant Moreland conspired to obtain three loans in connection with false and fraudulent vehicle purchases from three separate financial institutions in the Eastern District of Missouri. Specifically, Vantage Credit Union, headquartered in Bridgeton, Missouri in the Eastern District of Missouri, a financial institution within the meaning of Title 18, United States Code, Section 20, Subsection 2, the accounts of which are insured by the National Credit Union Share Insurance

5

Fund; Neighbors Credit Union, headquartered in St. Louis, Missouri in the Eastern District of Missouri, a financial institution within the meaning of Title 18, United States Code, Section 20, Subsection 2, the accounts of which are insured by the National Credit Union Share Insurance Fund; and Together Credit Union, formerly Anheuser-Busch Credit Union, headquartered in St. Louis, Missouri in the Eastern District of Missouri, a financial institution within the meaning of Title 18, United States Code, Section 20, Subsection 2, the accounts of which are insured by the National Credit Union Share Insurance Fund. During the same time period, co-defendant Ciera Moreland initiated contact with a representative of USAA from the Eastern District of Missouri purportedly to obtain a vehicle loan for a vehicle in the possession of STL Power Motors. The total loss sustained by all four bank institutions as a result of the false and fraudulent loan applications is $130,667.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum penalty provided by law for the crime to which the defendant is pleading guilty under Count I is imprisonment of not more than 30 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 5 years.

The defendant fully understands that the maximum penalty provided by law for the crime to which the defendant is pleading guilty under Count II is imprisonment of not more than 30 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 5 years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines, and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the base offense level is 7, as found in Section 2B1.1(a)(1).

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

The parties agree that 8 levels should be added pursuant to Section 2B1.1(b)(1)(I) because the intended loss exceeds $95,000.

The parties further agree that 2 levels should be added pursuant to 2B1.1(b)(10)(C) because defendant's offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

*Grouping, Acceptance, and Total Offense Level*

b. **Grouping:** The parties agree that Counts I and II should be grouped together pursuant to Section 3D1.2. As a result, the total offense level before accounting for acceptance of responsibility is 17.

c. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to

7

plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 14.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

8

(1) <u>**Non-Sentencing Issues**</u>: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) <u>**Sentencing Issues**</u>: In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. <u>Habeas Corpus</u>**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. <u>Right to Records</u>**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

g. **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

11

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all

12

possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

7/30/2021
Date

TIFFANY G. BECKER
Assistant United States Attorney

7/30/2021
Date

WENDELL BRYANT
Defendant

7/30/21
Date

JOEL J. SCHWARTZ
Attorney for Defendant

14